**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1877**

LISA M. SMITH, individually and in her capacity as Executrix and Personal Representative of the Estate of Shawn A. Smith (deceased),

Plaintiff - Appellee,

v.

MATTHEW W. JENNINGS, individually and in his official capacity as employee of the County of Roanoke, Virginia,

Defendant – Appellant,

and

ROANOKE COUNTY, Virginia,

Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Senior District Judge.  (7:22-cv-00588-MFU-CKM)

Argued:  January 30, 2025                          Decided:  February 18, 2025

Before KING, RUSHING, and BERNER, Circuit Judges.

Dismissed by unpublished order.  Judge Rushing directed entry of the order with the concurrences of Judge King and Judge Berner.

**ARGUED:** Jennifer Royer, ROYER LAW FIRM, P.C., Roanoke, Virginia, for Appellant. Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for Appellee. **ON BRIEF:** Kaley J. Gordon-Shupp, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia; Melvin E. Williams, Meghan A. Strickler, WILLIAMS & STRICKLER, PLC, Roanoke, Virginia, for Appellee.

---

ORDER

---

RUSHING, Circuit Judge:

Matthew W. Jennings, an officer with the Roanoke County Police Department, appeals the district court's order denying his motion for summary judgment based on qualified immunity. We dismiss the appeal for lack of jurisdiction.

"[A] district court's order denying summary judgment is generally not immediately appealable." *English v. Clarke*, 90 F.4th 636, 650 (4th Cir. 2024). Denials of summary judgment as to qualified immunity, however, "may be appealed immediately under the collateral order doctrine" in certain circumstances. *Hicks v. Ferreyra*, 965 F.3d 302, 308 (4th Cir. 2020). We have jurisdiction to immediately review an order denying qualified immunity "only to the extent that the court's decision turned on an issue of law." *English*, 90 F.4th at 650 (internal quotation marks omitted). In other words, our review in this procedural posture is "'limited to [one] narrow legal question: *if we take the facts as the district court gives them to us*, and we view those facts in the light most favorable to the plaintiff,' [is] the defendant officer[] 'still entitled to qualified immunity?'" *Hicks*, 965 F.3d at 309 (quoting *Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019)).

Jennings does "*not* argue that 'if we take the facts as the district court [gave] them to us,' then the district court erred as a legal matter" in denying him qualified immunity.

2

*Id.* at 312 (quoting *Williams*, 917 F.3d at 768). Instead, he contests the district court's assessment of the factual record. We lack jurisdiction to consider that argument on interlocutory review. Accordingly, this appeal must be dismissed.

FOR THE COURT

/s/Nwamaka Anowi
Clerk

3